# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**SAMMY PATTERSON, SR.**                                          **PLAINTIFF**

**v.**                                   **CIVIL ACTION NO.: 3:10-cv-00057-GHD-SAA**

**TASER INTERNATIONAL, INC.**                                     **DEFENDANT**

## MEMORANDUM OPINION GRANTING
## DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT

Come now before this Court, two motions for summary judgment filed by Defendant, Taser International, Inc. ("Defendant"). After reviewing the motions, responses, replies, rules, and authorities, the Court makes the following findings:

*A.   Factual and Procedural Background*

On or about June 3, 2007, former Pontotoc County Sheriff Department Deputy Mark Walker twice shot his 50,000-volt Taser at Plaintiff, Sammy Patterson, Sr. ("Plaintiff"). Plaintiff alleges that the repeated tasings caused him to suffer cardiac arrest and other bodily injuries. Plaintiff further alleges that he had a pre-existing heart condition which the law enforcement officials had knowledge of prior to tasing him. Although the Court is of the opinion that any cause of action relating to the tasing of Plaintiff would lie against the officers involved, no law enforcement officials were named as defendants. Therefore, reasons for the tasing are not at issue in this case.

Plaintiff filed his complaint in the Circuit Court of Pontotoc County on May 24, 2010, against Defendant, which manufactures and sells Tasers to law enforcement agencies, including the Pontotoc County Sheriff's Department. Plaintiff seeks $6 million in actual and punitive damages for his injuries. Plaintiff claims the Taser at issue contained design and/or

manufacturing defects capable of causing personal injuries and that these defects rendered the product unsafe and dangerous for its intended use. Plaintiff cites Defendant's failure to adequately warn and/or instruct law enforcement agencies purchasing the product of its dangerous nature when used on persons with known cardiovascular health problems. Defendant timely filed a notice of removal on June 28, 2010, and answer on June 29, 2010, in which it denied all liability for Plaintiff's claims. On February 18, 2011, Defendant filed a motion for summary judgment, requesting dismissal of Plaintiff's claims. On March 11, 2011, Plaintiff filed a response in opposition to the motion for summary judgment. On June 22, 2011, Defendant filed an additional motion for summary judgment. On July 13, 2011, Plaintiff filed a response opposing the second motion for summary judgment. The Court finds that Plaintiff has presented no evidence of any genuine issue of material fact as to any of his claims, and grants Defendant's motions for summary judgment as to all claims.

### B. *Summary Judgment Standard*

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. at 2552.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. at 2553. Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324, 106 S. Ct. at 2553; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). That burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). It is well settled in the Fifth Circuit that "the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Little*, 37 F.3d at 1075 (internal citations omitted).

### C. Discussion

Plaintiff brings this products liability suit against Defendant based on negligence, asserting the following theories: manufacturing defect, inadequate warnings, design defect, and breach of warranty. Plaintiff also asserts a claim for punitive damages predicated on Defendant's alleged gross negligence. Plaintiff has failed to meet his burden on any of these claims.

3

### i. *Manufacturing Defect Claim*

To establish a prima facie manufacturing defect claim in Mississippi, the plaintiff must

> (a) . . . prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller . . .
>
> (i) 1. The product was defective because it deviated in a material way from the manufacturer's specifications or from otherwise identical units manufactured to the same manufacturing specifications . . . and
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a).

Plaintiff's complaint alleges that the Taser at issue contained a manufacturing defect and that the law enforcement officers' use of the Taser caused Plaintiff to suffer cardiac arrest, as well as other bodily injuries. In Plaintiff's responses to the motions for summary judgment, he denies that he cannot meet his burden on his manufacturing defect claim. Plaintiff contends he would present expert testimony at trial that would establish (1) the Taser shots caused Plaintiff's injuries, (2) Tasers are "dangerous products, especially against the frail, elderly and persons with known heart conditions," and (3) the incident giving rise to the claims involved unjustified force. However, Plaintiff offers no proof that the Taser at issue deviated in a material way from the manufacturer's specifications or from otherwise identical units. Therefore, Plaintiff's manufacturing defect claim fails.

### ii. *Inadequate Warnings Claim*

To establish a prima facie inadequate warning claim in Mississippi, the plaintiff must

> (a) . . . prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller . . .
>
> (i) 2. The product was defective because it failed to contain adequate warnings or instructions . . . and
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a).

Plaintiff's complaint alleges Defendant sold the Taser "without adequate warning of or training in its potential for causing death and great bodily injury." Plaintiff has presented no evidence to support this claim. None of Plaintiff's proposed expert testimony supports a claim for inadequate warnings. Thus, Plaintiff's inadequate warnings claim fails.

### iii. Design Defect Claim

To establish a prima facie design defect claim in Mississippi, the plaintiff must

> (a) . . . prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller . . .
>
> (i) 3. The product was designed in a defective manner . . . and
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a).

The plaintiff must also prove

> (f) . . .

> (ii) the product failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. A feasible design alternative is a design that would have to a reasonable probability prevented the harm without impairing the utility, usefulness, practicality or desirability of the product to users or consumers.

Miss. Code Ann. § 11-1-63(f).

Although Plaintiff's complaint included a design defect claim, Plaintiff has presented no proof that the product at issue was designed in a defective manner. Thus, Plaintiff's design defect claim fails.

### iv. *Breach of Warranty Claim*

To establish a prima facie claim for breach of express warranty, the plaintiff must

> (a) . . . prove by the preponderance of the evidence that at the time the product left the control of the manufacturer or seller . . .
>
> (i) 4. The product breached an express warranty or failed to conform to other express factual representations upon which the claimant justifiably relied in electing to use the product . . . and
>
> (ii) The defective condition rendered the product unreasonably dangerous to the user or consumer; and
>
> (iii) The defective and unreasonably dangerous condition of the product proximately caused the damages for which recovery is sought.

Miss. Code Ann. § 11-1-63(a).

Plaintiff's Complaint alleges Defendant "negligently and carelessly . . . warranted" the Taser at issue. Plaintiff has not brought forth a scintilla of evidence to support a breach of warranty claim. Thus, this claim also does not present a genuine issue of material fact and fails.

### v. *Punitive Damages Claim*

To establish a prima facie claim for punitive damages, the plaintiff must prove by "clear and convincing evidence that the defendant against whom punitive damages are sought acted with actual malice, gross negligence which evidences a willful, wanton or reckless disregard for the safety of others, or committed actual fraud." Miss. Code Ann. § 11-1-65(1)(a). In Mississippi, punitive damages are granted only in addition to compensatory damages when the defendant's conduct includes "some element of aggression, insult, malice, or gross negligence that evidences a ruthless disregard for the rights of others." *Bradfield v. Schwartz*, 936 So. 2d 931, 937 (¶ 18) (Miss. 2006) (internal citations omitted). The Court has stated above that Plaintiff has failed to meet the burden of proof on any of his claims against Defendant and therefore cannot recover compensatory damages. Even if Plaintiff had met his burden of proof on his negligence claims, he has not offered any evidence to support a claim for gross negligence. Therefore, Plaintiff's punitive damages claim likewise fails.

### vi. *Expert Designation*

Plaintiff has failed to properly designate expert witnesses in accordance with the Federal Rules of Civil Procedure. The Rules require designation of all testifying experts. FED. R. CIV. P. 26(a)(2)(A). Such expert disclosure must be "accompanied by a written report prepared and signed by the witness." FED. R. CIV. P. 26(a)(2)(B). Plaintiff contends in his responses to the motions for summary judgment that he designated expert witnesses in his Pre Discovery Disclosures of Core Information. However, Plaintiff has not included written reports signed by each witness, as required under the rules. Although the Mississippi Supreme Court has suggested that a products liability claim might be sustainable without expert testimony, *see*

*Forbes v. General Motors Corp.*, 935 So.2d 869, 877–78 (Miss. 2006), here that is not the case, as the Plaintiff has presented no other basis for the existence of a genuine issue of material fact.

### D. Conclusion

In sum, the Court finds there are no genuine issues of material fact as to Plaintiff's claims and Defendant is entitled to judgment as a matter of law on all claims. Defendant's motions for summary judgment will be GRANTED.

A separate order in accordance with this opinion shall issue this day.

This, the 9th day of August, 2011.

/s/ Glen H. Davidson
Senior Judge